### M. D. COOPER & Co. *v.* JOSEPH A. COTTON.

The regular mode of ascertaining the extent of the personal liability of an executor for acts of mal-administration, is by opposition to the account of administration when rendered, and a personal action by the creditor against the executor, cannot be carried on so long as an opposition to the account on the same grounds remains undisposed of.

APPEAL from the District Court of the Parish of West Feliciana, *Beale*, J. *E. Phillips* and *Collins & Leake*, for plaintiffs. *A. M. Dunn*, for defendant.

BUCHANAN, J. This is a personal action by a creditor of the *Succession of Joseph Cotton*, deceased, against the son and testamentary executor of said *Cotton*, for the amount due plaintiffs by the succession ; on the ground that the defendant has fraudulently converted the assets of the succession, to his own use.

This defendant has excepted to this action, that at the time of its institution, there was pending and undecided, an opposition by plaintiffs to a final account of administration as executor, filed by defendant in the court where the succession was opened ; which opposition contains identically the same matters alleged by plaintiffs in the present action.

This exception should have been sustained. An executor is personally liable to the creditors of the succession which he administers, when he has been guilty of mal-administration ; but the regular mode of ascertaining the extent of such personal liability, is upon an account of administration showing the deficiency of assets to pay creditors.

We are not to be understood as saying, that an executor can never be held personally liable to creditors, unless upon an account rendered and approved. It may be, that the executor will fail or refuse to render an account. Or peculiar

circumstances may render such a mode of ascertaining the executor's delinquency superfluous. But in the present case, there was an account of executorship rendered—and that, upon a judgment of the District Court, affirmed by this court, ordering the executor to account. The said account was opposed by this same creditor, and upon the same grounds substantially, which are alleged in the petition in this case. It is clear that this personal action is premature, so long as the opposition is undisposed of.

It is, therefore, adjudged and decreed, that the judgment of the District Court, from which this appeal is taken, be reversed; and that there he judgment herein, against plaintiffs and appellees, as in case of nonsuit, with costs in both courts.